The opinion of the Court was delivered by
Glover, J.
Under the practice settled in the case of the Treasurer vs. Bates, (2 Bail. 362,) the first judgment, recovered for the penalty of an official bond against a public officer and his sureties, enures to the benefit of all persons who may then, or afterwards, establish judicially a breach of the condition. By suggesting breaches and serving a rule, the damages sustained by the party in suggestion can be ascertained ; and he may have execution of the judgment rendered for the penalty, to the extent of his recovery. ‘ Where several actions are pending against the same officer and his sureties, they will be con. solidated, and if the penalty of the bond be insufficient to sat *112 isfy all the damages which have been assessed on the several breaches of the condition, then the verdict should pursue the form indicated in the case of the Treasurer vs. Bates (1 Hill, 409).
It was held, in Norton vs. Mulligan, (4 Strob. 355,) that a subsequent assessment of damages, on suggestion of breaches of an official bond, will take priority of a judgment recovered against the officer, of older date than such assessment. A lien attaches on the penalty when th’e first judgment is rendered, not only in favor of the party for whose benefit the action is brought, but also in favor of all who shall afterwards prove breaches of the condition of the bond ; and to obtain satisfaction of these subsequent recoveries, it is only necessary to endorse on the fi. fa. the amount of the damages subsequently assessed, with directions to the sheriff for further execution of the judgment “ which creates no new lien, but restores an old one which" had been suspended.”
If the officer be insolvent, and the recoveries against him exceed the penalty of his bond, the penalty will be ordered to be paid over to his creditors ratably, where they are all before the Court, and their cases have been consolidated. A party suggesting breaches of an official bond after the penalty has been paid to the sheriff, and distributed among those whose damages had been assessed, will lose the benefit of the lien which the judgment for the penalty had created in favor of the suing creditors. No laches can be imputed to the other plaintiffs in the several suits against Edward R. Laurens and his sureties. Like the plaintiff, in this matter, they were ready for trial at the last term, and it was not for the want of diligence, but for the want of time, that all the cases were not disposed of then. The assessment of the plaintiff’s damages would have given her no preference over others whose suits had been consolidated, and were then at issue. If she had executed a writ of inquiry, the sheriff would have been restrained, by the order of this Court, from paying the amount of her assessment, until *113 the damages of the other plaintiffs had been ascertained and the ratable share of each had been fixed.
The continuance of a cause must, generally, be left to the discretion of the presiding Judge, and as an order for consolidation had passed, it was fit that all these causes should be heard at the same time. Unless the continuance, therefore, would have defeated the plaintiff’s lien, the discretion vested in the Judge was properly exercised. If the plaintiff lost no advantage by the act of the Court, she would not be permitted to enter judgment nunc pro tunc, even if the judgments had been several; but the judgment had already been entered for the penalty which created a lien in favor of all the plaintiffs whose cases had been consolidated. “ To allow the plaintiffs,” in the language of the grounds of appeal, “upon the future assessments of their damages to take an order to collect the several amounts due them nunc pro tunc,” would anticipate a more appropriate order, to apply the penalty ratably when all the assessments shall have been made.
Motion dismissed.
Q’Neall, Withers, Whitner and Munro, JJ., concurred.
Wardlaw, J., absent at the hearing.

Motion dismissed.